PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR HERNANDEZ MARTINEZ, | ) | |
| | ) | CASE NO. 4:11cv303 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| RODDIE RUSHING, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **& ORDER** |

*Pro se* Plaintiff Victor Hernandez Martinez filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing and the NEOCC "Medical Staff." In the Complaint, Plaintiff alleges that he has not received proper medical care. He seeks injunctive relief. ECF No. 1.

**I. Background**

Mr. Martinez claims he has not received adequate medical treatment. He states that he has had a pain on the right side of his body in the area where his liver is located. He states that he noticed blood in his urine on June 15, 2009. He contends that he took all the necessary steps to get timely medical attention but was forced to pay a $2.00 fee for each sick call appointment. He indicates that on some occasions, he was sent back to his unit with Tylenol. He also indicated

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law. Mr. Martinez is a federal prisoner, in the custody of the Bureau of Prisons. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:11cv303)

that he was sent to a specialist outside of the prison to determine the source of the blood. He was told, however, that his "urine was fine" and was recommended for additional testing by other physicians. ECF No. 1 at 1-2.

The attachments to his Complaint indicate that he received a CT scan and an ultrasound. Additional diagnostic tests were listed as pending. ECF No. 1-1 at 4.

Martinez states that he is dissatisfied with Corrections Corporation of America's ("CCA") handling of his health concerns. He states that he wrote to Warden Rushing and did not receive an answer for four months. Consequently, he requests an order from the Court requiring CCA to comply with its contractual obligation with the United States government to provide healthcare to inmates housed at its facilities. ECF No. 1 at 2-3.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:11cv303)

fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Bell Atl. Corp., 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). Routine discomforts of

(4:11cv303)

prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Although Martinez arguably has a serious medical need, he has not alleged facts to suggest that the medical personnel at NEOCC are deliberately indifferent to his health. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are hesitant to second guess medical judgments and to constitutionalize claims which really arise under state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). Mr. Martinez alleges he was sent to a specialist. He has received medical diagnostic testing. Although physicians at NEOCC have not been able to determine the cause of his symptoms, he has not alleged facts that indicate the Warden or members of the medical staff were deliberately indifferent to his health.

strict

(4:11cv303)

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

July 5, 2011  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
 United States District Judge

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

5